## A. J. WILCOX v. CATE & BUNKER.

CALEDONIA COUNTY, 1893.

Before : TAFT, ROWELL, MUNSON AND START, JJ.

*Damage to leased property by negligence of lessee. Rent. Recoupment. Parol evidence.*

The plaintiff by written contract leased the defendants his saw-mill for a specified term. The defendants took possession February 1, and operated it until March 10 following, when the boiler exploded through the fault of the defendants, rendering the property unfit for use. Soon after the explosion they notified the plaintiff that they should no longer use the property and did not. *Held,*

1.  That the plaintiff could recover the damages done his property by the explosion.

2.  That he could recover rent from February 1 to March 10.

3.  That having elected to recover damages for the destruction of his property, he could not also have rent for the use of it after March 10.

4.  The defendants claimed that the plaintiff had warranted the boiler capable of doing the work which was required of it at the time of the explosion, and the referee so found, if parol evidence of the plaintiff's representations made before the execution of the written contract was admissible. *Held,* that such evidence was not admissible.

5.  The referee reported that the property was unfit for the use for which it was leased by the plaintiff, but failed to find fraud or deceit upon the part of the plaintiff. *Held,* that the defendants could not recoup their damages occasioned by the explosion.

Assumpsit. Pleas, the general issue and plea in off-set. Heard upon the report of a referee at the June term, 1892,

THOMPSON, J., presiding. Judgment for the plaintiff to recover damages for the destruction of the engine and boiler and the amount of the rent in arrear. The defendants except.

This action is based upon a written contract of lease, by which the plaintiff leased his steam saw-mill to the defendants for a specified term. No copy of the lease was furnished the reporter and it does not appear that the same was referred to before the court.

Under this contract the defendants took possession of the property on the first day of February, 1886, and continued to use it as a saw-mill until the tenth day of March, 1886, when the boiler exploded, entirely destroying the boiler and engine and seriously damaging the building.

The plaintiff was not a practical machinist and had no knowledge beyond that of an ordinary man as to the use of a boiler and engine. He had purchased this boiler in the summer of 1884, and had operated it himself for some months before leasing it to the defendants. The boiler was old when he purchased it and he caused certain repairs to be made upon it after it came into his possession. Before using it himself he had it tested by cold water pressure of 140 pounds to the square inch. The boiler was provided with both a safety-valve and a steam-gauge, and while the plaintiff operated it he set the safety-valve so that the boiler would blow off when the gauge indicated 80 pounds pressure. Soon after the defendants began to operate the property it was observed that the safety-valve and steam-gauge did not agree. Instead of undertaking to ascertain what the cause of the disagreement was the defendants put an additional weight upon the safety-valve so that it would blow off when the steam-gauge indicated 100 pounds pressure. The referee found that the cause of the explosion was the negligence of the defendants in having weighted down the safety-valve

without knowing definitely at what pressure the boiler would blow off.

The mill was intended for a saw-mill and leased for that purpose. The engine and boiler were supposed to be of 25 horse-power. The defendants claimed that before executing the lease the plaintiff had warranted the engine and boiler to be of sufficient capacity to run the board-saw and other machinery; that it was not of such capacity and would not run the machinery under the pressure which was being put upon the boiler at the time of its explosion.

The plaintiff objected to the admission of this parol testimony, but the master received it subject to the exception, and found solely upon the strength of it that the plaintiff did make the representations or warranties which it tended to establish.

The defendants claimed that the engine and boiler were utterly unfit for the purposes for which they were leased and that the plaintiff was guilty of fraud in having leased them to the defendants for that purpose. The referee found that they were unfit for the work contemplated by the lease but failed to find that the plaintiff was guilty of any fraud or deceit in the premises.

Directly after the explosion the defendants notified the plaintiff that they should no longer use the property and that if loss happened to it in its then condition it would be at his risk. They also sought to recover under their plea in offset, or by way of recoupment in this suit, their damages incident upon the fact that they were unable to use the mill for the purpose of sawing out the stock of logs which they had put in. The referee found that the damages to the boiler and engine were $250, and that the damage to the mill building was $75. He also found that the whole amount of the rent in arrear was $147, but did not find the amount of the rent from February 1st to March 10th.

*P. K. Gleed* for the defendants.

The plaintiff could not recover rent after the destruction of the property. *Womack* v. *McQuary*, 28 Ind. 103; *Kew* v. *Merchants' Exchange Co.*, 92 Am. Dec. 306; *Winter* v. *Cornish*, 5 Ohio 477; *Stockwell* v. *Hunter*, 11 Met. 448.

The defendants should have been allowed to recoup their damages arising from the destruction of the mill. *Randall* v. *Farnum*, 52 Vt. 539.

*Geo. M. Powers* for the plaintiff.

The report of the referee does not fairly find either a warranty or a fraudulent misrepresentation upon the part of the plaintiff; hence the defendants cannot recoup. Kerr, Fraud, 84 et seq; *Beeman* v. *Buck*, 3 Vt. 53; *Reed* v. *Wood*, 9 Vt. 285; *Foster* v. *Estate of Cadwell*, 18 Vt. 176; *Bond & Green* v. *Clark*, 35 Vt. 577; *Wallace* v. *Stone*, 38 Vt. 607; *Nye* v. *Merriam*, 35 Vt. 438.

TAFT, J.   The defendants' negligence caused damage to the plaintiff's property, viz.: to the engine and boiler two hundred and fifty dollars, to the mill building seventy-five dollars. The plaintiff can recover these items. He can also recover the rent of the premises during the time they were occupied by the defendants, from February 1, 1886, to March 10, 1886, at the rent specified in the contract. The plaintiff having elected to recover damages for the destruction of the property, cannot, after its destruction, recover rent. The contract being in writing, parol evidence to show a warranty was inadmissible. The referee does not find fraud nor deceit on the part of the plaintiff in the negotiations that led to the execution of the contract. The defendants, therefore, cannot offset nor recoup any damages suffered by them.

*Judgment reversed and judgment for the plaintiff to re-*

*cover the item of two hundred and fifty dollars and one and one-third month's rent, with interest on said sums since March 10, 1886, and said sum of seventy-five dollars. Amount to be computed by the clerk.*